a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VLADIMIR BOGDANOV #A249-116-575,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-00673<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| ROBERT M AINLEY ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Vladimir Bogdanov ("Bogdanov"), an immigration detainee at the Winn Correctional Center in Winnfield, Louisiana. Bogdanov alleges that his detention is unlawful and that he is entitled to relief under the Federal Tort Claims Act ("FTCA").

Because Bogdanov is not entitled to relief, his Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Bogdanov alleges that he applied for admission to the United States pursuant to the "CBP1 appointment system," "which is excepted from mandatory detention." ECF No. 1 at 2. He alleges that his application for asylum is pending. *Id.* Bogdanov asserts that he is not a "flight or security risk" and "was supposed to be released once there was a positive credible fear determination." *Id.*

Bogdanov also alleges that he is being denied medical care and subjected to "negligent and intentional infliction of emotional distress" under the FTCA.

## II. Law and Analysis

Bogdanov asserts that he is exempt from detention under 8 C.F.R. § 1208.33. Section 1208.33 provides "lawful pathways" for asylum seekers to enter the United States. One of those lawful pathways, which Bogdanov utilized, is to make an advance appointment to present at a Point of Entry using the smart phone app, CBP One. *See id.* at § 1208.33(a)(2)(ii)(B); ECF No. 1 at 3.

However, § 1208.33 does not address detention for those that schedule an appointment. It simply provides that a presumption of asylum ineligibility does not apply to compliant noncitizens. See generally 8 C.F.R. §§ 208.33(a), 1208.33(a). Thus, Bogdanov's assertion that § 1208.33 exempts him from detention is baseless.

Bogdanov also alleges that his detention is arbitrary because his application for asylum is pending. However, according to the automated case information provided by the Executive Office for Immigration Review, Bogdanov was ordered removed on June 4, 2024. He appealed the order on July 3, 2024, and the appeal is pending. *See* https://acis.eoir.justice.gov.

Finally, Bogdanov may not pursue relief under the FTCA through a habeas petition. Additionally, the Court lacks subject matter jurisdiction over the claim because Bogdanov did not exhaust by submitting the claim to the appropriate agency in writing. 28 U.S.C. § 2675(a); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996).

### III. Conclusion

Because Bogdanov does not show that he is entitled to relief, IT IS RECOMMENDED that the habeas Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 10, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE